## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DENZEL NELSON, | ) | FILED STAMP: AUG. 20, 2008 |
| | ) | |
| Plaintiff, | ) | 08 C ___08CV4754___ |
| | ) | JUDGE ST. EVE |
| v. | ) | MAG. JUDGE COX |
| | ) | JUDGE ~~J. N.~~ _____ |
| CITY OF CHICAGO, Illinois, a municipal | ) | |
| Corporation, and Chicago Police Officers | ) | |
| THOMAS MC KENNA (13122), JASON | ) | MAGISTRATE JUDGE _____ |
| VAN DYKE (9465), J. MERKEL (19301), | ) | |
| G. SPACEK (3913), M. BUBACZ (5515), | ) | |
| E. MASSAS (7460), and J. CARTWRIGHT | ) | |
| (9197), and one UNKNOWN CHICAGO | ) | |
| POLICE OFFICER, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiff, DENZEL NELSON, (Plaintiff), by his attorney, Tony Thedford, makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant CITY"), and Chicago Police Officers THOMAS MC KENNA, JASON VAN DYKE, J. MERKEL, G. SPACEK, M. BUBACZ, E. MASSAS, and J. CARTWRIGHT ("Defendant OFFICERS"):

### JURISDICTION & VENUE

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. '' 1331, 1343 and 1367.

3.      Venue is proper under 28 U.S.C. ' 1391(b) as the events giving rise to the claims asserted in this complaint occurred within this District.

1

**PARTIES**

4.      Plaintiff NELSON is an 18-year-old college student currently residing in Carbondale, Illinois, where he attends Southern Illinois University.

5.      Defendant OFFICERS were at all relevant times, Chicago police officers employed by Defendant CITY, and acting under color of law and within the scope of their employment.

6.      Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

**FACTS**

7.      In the early evening on or about August 21, 2007, Plaintiff was standing on the sidewalk outside his friend's home, near the location of 80th and Carpenter Streets in Chicago, Illinois.

8.      At approximately 7:15 p.m., without legal justification, two or more of Defendant OFFICERS tackled Plaintiff from behind causing him to fall forward onto the ground.  These Officers then violently pulled Plaintiff's arms up and behind his back and handcuffed him, causing injury to Plaintiff's shoulder.

9.      Defendant Officers then placed Plaintiff in the back of a police vehicle and drove him further down Carpenter Street to where other arrestees sat on a curb, also in handcuffs.

10.      One or more of Defendant OFFICERS then conducted a "show-up" with one of these arrestees who failed to identify Plaintiff, and in fact, told Defendant OFFICERS (in summary) that Plaintiff was not the one for whom the police were looking.

11.      Two of Defendant OFFICERS then drove Plaintiff into a nearby alley where other Defendant OFFICERS were looking through the garbage cans.  One of the Defendant OFFICERS returned to the police vehicle where Plaintiff was being detained and showed Plaintiff a handgun and accused

Plaintiff of possessing it.  Plaintiff immediately denied ever possessing the handgun.

12.    Eventually, Defendant OFFICERS transported Plaintiff to the police station and charged him with a felony offense for the possession of a hand gun.

13.    Plaintiff repeatedly told Defendant OFFICERS that they had the wrong guy.

14.    Plaintiff, who was 17 years-old at the time and had never been arrested before, was very scared, upset and, at times, even crying.

15.    One of Defendant OFFICERS told Plaintiff's mother  (in summary) that her son was lucky he wasn't dead cause he, the officer, could have shot him.

16.    An UNKNOWN OFFICER wearing plain clothes, took Plaintiff into a room at the police station and attempted to coerce Plaintiff to confess to a crime he did not commit.  Plaintiff maintained his innocence.

17.    Plaintiff spent most of that night awake, locked in a cold, dirty, police lock-up.  Plaintiff used a bologna sandwich and some tissues as a pillow for his head.

18.    The next day, Plaintiff was taken to bond court at 2650 South California where a judge set his bond at $15,000.  Plaintiff's mother and sister posted bond and waited for Plaintiff until he was finally released at approximately 10:00 p.m. on August 22, 2008, more than 24 hours after he was arrested for a crime he did not commit.

19.    Plaintiff's shoulder was tender and sore for a period of time after his arrest as a result of Defendant OFFICERS' violent wrenching of his arms up and behind his back.

20.    Defendant OFFICERS caused Plaintiff to be falsely prosecuted for a felony possession of a handgun.

21.    Plaintiff had to hire a criminal defense attorney to represent him on the false charges

Defendant OFFICERS placed against him.   Plaintiff, who was about to begin his senior year in high school when he was falsely arrested, had to miss several days of school, and his mother had to miss work, in order to appear in court.  What should have been an enjoyable year for Plaintiff - his senior year in high school – was instead a year of worrying about these false charges and how they could ruin his future.  Ultimately, Plaintiff had to stand trial on these false charges, and he was found not guilty.

22.     Plaintiff also had to pay an attorney to expunge this unlawful arrest from his record.

23.     However, Plaintiff will still have to answer "yes" whenever he is asked if he has ever been arrested, as many applications do.

24.     While Plaintiff's criminal case was pending, employees of the pre-trial services department repeatedly woke Plaintiff up in the middle of the night, often on school nights, to do their "routine checks," making Plaintiff get out of bed and talk to them on the front porch of his home.

25.     In addition, as a result of Defendant OFFICERS' misconduct, Plaintiff had trouble sleeping in the months following his false arrest, and he has now developed a fear of the police.

26.     Plaintiff suffered embarrassment and injury to his reputation in his community as a result of Defendant OFFICERS' misconduct.

## Count I:  § 1983 Excessive Force

27.     Plaintiff re-alleges paragraphs 1-26 as if fully restated here.

28.     As more fully described in the preceding paragraphs, the intentional conduct of Defendant OFFICERS toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

29.     As a direct and proximate result of Defendant OFFICERS' use of excessive force, Plaintiff

suffered physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count II:  §1983 Unlawful Search & Seizure

30.    Plaintiff re-alleges paragraphs 1-26 as if fully restated here.

31.    As more fully described in the preceding paragraphs, Defendant OFFICERS seized and searched Plaintiff without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

32.    On information and belief, one or more of Defendant OFFICERS were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

33.    As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiff has suffered damages as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count III -- ' 1983 Conspiracy

34.    Plaintiffs re-allege paragraphs 1-33 as if fully restated here.

35.    Defendant OFFICERS impliedly or expressly conspired and agreed to violate Plaintiffs' constitutional rights and to cover up their misconduct, acting in furtherance of this conspiracy as more fully described above.

5

36.    As a direct and proximate result of Defendant OFFICERS' conspiracy, Plaintiff suffered physical and emotional damages as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count IV:  Policy Claim

37.    Plaintiff re-alleges paragraphs 1 through 36 as if fully restated here.

38.    Plaintiff's injuries in this case were proximately caused by policies and practices of Defendant CITY, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct.  In this way, Defendant CITY violated Plaintiffs' rights since it created the opportunity for Defendant OFFICERS to commit the foregoing constitutional violations.

39.    The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the Chicago Police Department.  This policy was able to exist and thrive because governmental policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

40.    The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant CITY has declined to implement sufficient training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

41.    As a direct and proximate result of Defendant CITY's policies and practices, Plaintiff has suffered physical, emotional and economic damages, which will be proven at trial.

6

WHEREFORE, Plaintiff respectfully requests judgment against Defendant CITY in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus costs, reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

### Count V:  Battery

42.    Plaintiff re-alleges paragraphs 1-26 as if fully restated here.

43.    As more fully described above, Defendant OFFICERS willfully and wantonly and without legal justification, used physical force upon Plaintiff without his consent.

44.    As a direct and proximate result of this intentional misconduct, Plaintiffs suffered physical and emotional harm.

45.    Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

46.    At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as Chicago Police Officers.  Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief as is just and equitable.

### Count VI – False Imprisonment

47.    Plaintiff re-alleges paragraphs 1-26 as if fully restated here.

48.    As more fully described above, Defendant OFFICERS willfully and wantonly imprisoned Plaintiff, without probable cause or any other legal justification to do so.

49.     As a direct and proximate cause of this misconduct, Plaintiff has suffered damages as described in preceding paragraphs and which will be proven at trial.

50.     Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

51.     At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Chicago Police Officers.  Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief as is just and equitable.

### Count VII -- Malicious Prosecution

52.     Plaintiff re-alleges paragraphs 1-26 as if fully restated here.

53.     As more fully described above, Defendant OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

54.     With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

55.     The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

56.     As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff

suffered financial, physical and emotional damages for having to defend himself against the false charges placed against him.

57.     Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

58.     At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Chicago Police Officers.  Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate him for the injuries he has suffered, as well as such other relief as is just and equitable.


**Plaintiff demands a trial by jury.**


DENZEL NELSON, Plaintiff

By:   __/s/ Tony Thedford__
          Attorney for Plaintiff

TONY THEDFORD
Law Offices of Tony Thedford
6133 South Ellis
Chicago, IL 60637
(773) 752-6950
ATTY NO. 6239316