**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENZEL NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 4754 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF Chicago, Illinois, a municipal | ) | |
| Corporation, and Chicago Police Officers | ) | Judge St. Eve |
| THOMAS MCKENNA (13122), | ) | |
| JASON VAN DYKE (9465), J. MERKEL | ) | |
| (1930) G. SPACEK (3913) M. BUBACZ | ) | Magistrate Judge Cox |
| (5515), E. MASSAS (7460), and | ) | |
| J. CARTWRIGHT (9197), and one | ) | |
| UNKNOWN CHICAGO POLICE OFFICER, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Chicago police officers Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek, ("Defendant Officers or Defendants"), by their attorney Suyon Reed, Assistant Corporation Counsel, submit the following answer to plaintiff's complaint, affirmative defenses, 12(b)(6) defense, and jury demand[1]:

### JURISDICTION & VENUE

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:**      Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. ' ' 1331, 1343 and 1367.

---

[1] Defendant Officers only answer for themselves and make no answer for any other known or unknown Defendants.

**ANSWER:**     Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

3.     Venue is proper under 28 U.S.C. ' 1391(b) as the events giving rise to the claims asserted in this complaint occurred within this District.

**ANSWER:**     Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

## PARTIES

4.     Plaintiff NELSON is a 18-year-old college student currently residing in Carbondale, Illinois, where he attends Southern Illinois University.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

5.     Defendant OFFICERS were at all relevant times, Chicago Police Officers employed by Defendant CITY, and acting under color of law and within the scope of their employment.

**ANSWER:**     Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

6.     Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

**ANSWER:**     Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

## FACTS

7.     In the early evening on or about August 21, 2007, Plaintiff was standing on the sidewalk outside his friend's home, near the location of 80th and Carpenter Streets in Chicago, Illinois.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as

2

to the truth or falsity of the allegations contained in this paragraph.

8.     At approximately 7:15 p.m., without legal justification, two or more of Defendant OFFICERS tackled Plaintiff from behind causing him to fall forward onto the ground. These Officers then violently pulled Plaintiffs arms up and behind his back and handcuffed him, causing injury to Plaintiffs shoulder.

**ANSWER:**     Defendants only admit that plaintiff was handcuffed. Defendants deny

the remaining allegations contained in this paragraph. Defendants deny any wrongful conduct

complained of herein.

9.     Defendant Officers then placed Plaintiff in the back of a police vehicle and drove him further down Carpenter Street to where other arrestees sat on a curb, also in handcuffs.

**ANSWER:**     Defendants admit the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

10.     One or more of Defendant OFFICERS then conducted a "show-up" with one of these arrestees who failed to identify Plaintiff, and in fact, told Defendant OFFICERS (in summary) that Plaintiff was not the one for whom the police were looking.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

11.     Two of Defendant OFFICERS then drove Plaintiff into a nearby alley where other Defendant OFFICERS were looking through the garbage cans. One of the Defendant OFFICERS returned to the police vehicle where Plaintiff was being detained and showed Plaintiff a handgun and accused Plaintiff of possessing it. Plaintiff immediately denied ever possessing the handgun.

**ANSWER:**     Defendants admit showing plaintiff the handgun and accusing plaintiff

of possessing it. Defendants deny the remaining allegations contained in this paragraph.

Defendants deny any wrongful conduct complained of herein.

12.     Eventually, Defendant OFFICERS transported Plaintiff to the police station and charged him with a felony offense for the possession of a hand gun.

**ANSWER:**     Defendants admit the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

13. Plaintiff repeatedly told Defendant OFFICERS that they had the wrong guy.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

14. Plaintiff, who was 17 years-old at the time and had never been arrested before, was very scared, upset and, at times, even crying.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

15. One of Defendant OFFICERS told Plaintiffs mother (in summary) that her son was lucky he wasn't dead cause he, the officer, could have shot him.

**ANSWER:** Defendant McKenna admits the allegations contained in this paragraph

but denies any wrongful conduct. The remaining Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. An UNKNOWN OFFICER wearing plain clothes, took Plaintiff into a room at the police station and attempted to coerce Plaintiff to confess to a crime he did not commit. Plaintiff maintained his innocence.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

17. Plaintiff spent most of that night awake, locked in a cold, dirty, police lock-up. Plaintiff used a bologna sandwich and some tissues as a pillow for his head.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

18. The next day, Plaintiff was taken to bond court at 2650 South California where a judge set his bond at $15,000. Plaintiffs mother and sister posted bond and waited for Plaintiff until he was finally released at approximately 10:00 p.m. on August 22, 2008, more than 24 hours after he was arrested for a crime he did not commit.

4

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

19. Plaintiff's shoulder was tender and sore for a period of time after his arrest as a result of Defendant OFFICERS' violent wrenching of his arms up and behind his back.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

20. Defendant OFFICERS caused Plaintiff to be falsely prosecuted for a felony possession of a handgun.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein

21. Plaintiff had to hire a criminal defense attorney to represent him on the false charges Defendant OFFICERS placed against him. Plaintiff, who was about to begin his senior year in high school when he was falsely arrested, had to miss several days of school, and his mother had to miss work, in order to appear in court. What should have been an enjoyable year for Plaintiff -his senior year in high school- was instead a year of worrying about these false charges and how they could ruin his future. Ultimately, Plaintiff had to stand trial on these false charges, and he was found not guilty.

**ANSWER:** Defendants admit only that plaintiff was found not guilty. Defendants deny the remaining allegations contained in this paragraph. Defendants further deny any wrongful conduct complained of herein.

22. Plaintiff also had to pay an attorney to expunge this unlawful arrest from his record.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

23. However, Plaintiff will still have to answer "yes" whenever he is asked if he has ever been arrested, as many applications do.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in this paragraph.

24.     While Plaintiffs criminal case was pending, employees of the pre-trial services department repeatedly woke Plaintiff up in the middle of the night, often on school nights, to do their "routine checks," making Plaintiff get out of bed and talk to them on the front porch of his home.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in this paragraph.

25.     . In addition, as a result of Defendant OFFICERS' misconduct, Plaintiff had trouble sleeping in the months following his false arrest, and he has now developed a fear of the police.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

26.     Plaintiff suffered embarrassment and injury to his reputation in his community as a result of Defendant OFFICERS' misconduct.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

**Count I:  § 1983 Excessive Force**

27.     Plaintiffs re-allege paragraphs 1 -26 as if fully restated here.

**ANSWER:**     Defendants hereby restate and incorporate their answers to paragraphs 1-

26 as if fully stated herein.

28.     As more fully described in the preceding paragraphs, the intentional conduct of Defendant OFFICERS toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

29.     As a direct and proximate result of Defendant OFFICERS' use of excessive force, Plaintiff suffered physical, emotional and economic damages, which will be proven at trial.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants

6

deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT I of Plaintiff's Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count II: Unlawful Search & Seizure

30.     Plaintiffs re-allege paragraphs 1-26 as if fully restated here.

**ANSWER:**     Defendants hereby restate and incorporate their answers to paragraphs 1-26 as if fully stated herein.

31.     As more fully described in the preceding paragraphs, Defendant OFFICERS seized and searched Plaintiffs without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

32.     On information and belief, one or more of Defendant OFFICERS were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

33.     As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiff suffered physical and emotional damages as described in preceding paragraphs and which will be proven at trial.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their

favor as to COUNT II of Plaintiff's Complaint, award defendants such costs and fees as allowed

by law, and grant such further relief as this Court deems just and proper.

### Count III - ' 1983 Conspiracy

34.     Plaintiffs re-allege paragraphs 1-33 as if fully restated here.

**ANSWER:**     Defendants hereby restate and incorporate their answers to paragraphs 1-

33 as if fully stated herein.

35.     Defendant OFFICERS impliedly or expressly conspired and agreed to violate
Plaintiffs' constitutional rights and to cover up their misconduct, acting in furtherance of this
conspiracy as more fully described above.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

36.     As a direct and proximate result of Defendant OFFICERS' conspiracy, Plaintiff
suffered physical and emotional damages which will be proven at trial.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their

favor as to COUNT III of Plaintiff's Complaint, award defendants such costs and fees as allowed

by law, and grant such further relief as this Court deems just and proper.

### Count IV: Policy Claim

Defendants make no answer to Count IV of Plaintiff's Complaint as it is not directed towards

them.

### Count V: Battery

42.     Plaintiffs re-allege paragraphs 1-26 as if fully restated here.

8

**ANSWER:** Defendants hereby restate and incorporate their answers to paragraphs 1-26 as if fully stated herein.

43. As more fully described above, Defendant OFFICERS willfully and wantonly and without legal justification, used physical force upon Plaintiff without his consent.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

44. As a direct and proximate result of this intentional misconduct, Plaintiffs suffered physical and emotional harm.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

45. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

46. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as Chicago Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

**ANSWER:** Defendants admit that are Chicago Police Officers and acted within the scope of their employment. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT V of Plaintiff's Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

9

## Count VI - False Imprisonment

47.     Plaintiffs restate paragraphs 1-26 as if fully restated here.

**ANSWER:**     Defendants hereby restate and incorporate their answers to paragraphs 1-26 as if fully stated herein.

48.     As more fully described above, Defendant OFFICERS willfully and wantonly imprisoned Plaintiff, without probable cause or any other legal justification to do so.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

49.     As a direct and proximate cause of this misconduct, Plaintiff suffered damages as more fully described above and which will be proven at trial.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

50.     Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

51.     At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Chicago Police Officers.  Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

**ANSWER:**     Defendants admit that are Chicago Police Officers and acted within the scope of their employment. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT VI of Plaintiff's Complaint, award defendants such costs and fees as allowed

10

by law, and grant such further relief as this Court deems just and proper.

### Count VII - Illinois Malicious Prosecution

52.     Plaintiffs re-alleges paragraphs 1-26 as if fully restated here.

**ANSWER:**     Defendants hereby restate and incorporate their answers to paragraphs 1-26 as if fully stated herein.

53.     As more fully described above, Defendant OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

54.     With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

55.     The criminal proceedings against Plaintiff were terminated in their favor, in a manner indicative of innocence.

**ANSWER:**     Defendants admit the criminal proceedings were terminated in plaintiff's favor. Defendants deny the remaining allegations contained in this paragraph.

56.     As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff suffered financial, physical and emotional damages for having to defend himself against the false charges placed against him.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

57.     Illinois law provides that public entities, such as Defendant CITY, are directed to

pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

58. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Chicago Police Officers, Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

**ANSWER:** Defendants admit that are Chicago Police Officers and acted within the scope of their employment. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT VII of Plaintiff's Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officers Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek, are entitled to qualified immunity. Defendant Officers, are government officials who perform discretionary functions. At all times material to the events alleged in plaintiff's second amended complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law on plaintiff's federal claims.

2. Defendant Officers are not liable for any of plaintiff's claims because they cannot

be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any of plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

3.      "'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation.'" Payne v. Chuchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (citations omitted).

4.      To the extent that plaintiff has alleged any state law claims, if Defendants are liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff, which was the proximate cause of these injuries and damages. Any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

5.      To the extent plaintiff is making claims based on State of Illinois laws, the statute of limitations for state law claims against municipality or its employees is one year. 745 ILCS 10/8-101 (West 2006). All state law claims directed to Defendants that are beyond the one year period should be dismissed as beyond the statute of limitations.

6.      As to all state law claims, under the Illinois Tort Immunity Act, Defendants are

13

not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2006).

7.      That any injuries or damages claimed by the Plaintiff against Defendants was caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

8.      The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2002).

9.      As to the state law claims, at the time of the incident alleged in plaintiff's complaint, defendants Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek, were City employees, namely police officers, who were engaged in the execution and enforcement of the law. Under the Tort Immunity Act, an employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or

omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002). The acts and/or omissions of defendants Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek, were not willful and wanton. Therefore, defendants Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek, are not liable to plaintiff.

10.     Defendant Officers have absolute immunity for any testimony they may have given in plaintiff's underlying criminal case. See Briscoe v. LaHue, 460 U.S. 325 (1983)

### 12(b)(6) DEFENSE

1.     To the extent that plaintiff is claiming that Defendant Officers Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek conspired to violate plaintiff's constitutional rights, plaintiff failed to state a cause of action for damages. Therefore, Count III must be dismissed.

### JURY DEMAND

Defendants Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek, respectfully demand a trial by jury of this cause.

### CONCLUSION

WHEREFORE, Defendants Thomas McKenna, Jason Van Dyke, Joseph Merkel, Jason Cartwright and George Spacek, respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

Respectfully submitted,

/s/Suyon Reed
SUYON REED

15

Assistant Corporation Counsel


30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 06280973